NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3208

JAMES E. BAKER, III,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

James E. Baker, III, of Chester, Virginia, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3208

JAMES E. BAKER, III,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in
DC0752090157-I-1.

_____

DECIDED:  October 13, 2009

_____

Before RADER, ARCHER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

James E. Baker, III petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction.  <u>See</u> <u>Baker v. Dep't of the Army</u>, No. 111 M.S.P.R. 466 (M.S.P.B. May 13, 2009) ("<u>Final Decision</u>").  For the reasons stated below, we <u>affirm</u>.

BACKGROUND

James E. Baker, III was employed by the Department of the Army ("agency") as an educational technician for the United States Army Logistics Management College at Fort Lee, Virginia.  On November 5, 2008, the agency notified him of his termination,

due to poor performance during his probationary period, effective November 6, 2008. Mr. Baker resigned in lieu of termination. Mr. Baker filed an appeal with the Board alleging that the reasons given in his termination letter were false and constituted an abuse of authority.

In response to a motion to dismiss filed by the agency, the administrative judge ("AJ") dismissed the appeal on the basis that Mr. Baker failed to establish that the Board has jurisdiction over his claim. Baker v. Dep't of the Army, No. DC-0752-09-0157-I-1 (M.S.P.B. Feb. 19, 2009) ("Initial Decision"). The initial decision became final when the Board denied Mr. Baker's petition for review. See Final Decision at 2. Mr. Baker timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Specifically, a decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Dickey v. Off. of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999). Mr. Baker has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2) (2009).

Resignations are presumed voluntary, and an employee who voluntarily resigns or retires has no right to appeal to the Board. Shoaf v. Dep't of Agric., 260 F.3d 1336,

1340-41 (Fed. Cir. 2001). Mr. Baker has submitted no evidence overcoming that presumption or indicating that his resignation was involuntary. A resignation or retirement is not rendered involuntary merely because the employee was "faced with an inherently unpleasant situation or his choice is limited to two unpleasant alternatives." Terban v. Dep't of Energy, 216 F.3d 1021, 1026 (Fed. Cir. 2000).

In addition, a probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1), and except in some limited circumstances, is excluded from the statutory appeals process provided pursuant to 5 U.S.C. § 7703(a)(1). See 5 C.F.R. § 315.806 (2009). Here, it is undisputed that Mr. Baker was still within the 1-year probation period at the time of his resignation, and Mr. Baker's alleged involuntary resignation claims do not fall within any of the limited circumstances in which a probationary employee enjoys rights to appeal. Accordingly, the Board correctly determined that it lacked jurisdiction over Mr. Baker's appeal.

## CONCLUSION

For the foregoing reasons, the final decision of the Board dismissing Mr. Baker's appeal is affirmed.

No costs.